IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| MARJORIE SLABAUGH; THE ESTATE OF ) | |
| DAVID E. SLABAUGH; SLABAUGH ) | |
| TRUCKING, INC., doing business as Slabaugh ) | |
| Trucking, Ltd.; MERWIN D. SLABAUGH, ) | |
| as Trustee of the KALONA TRUST; and IOWA ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff United States of America brings this civil action against the defendants named above to: (1) reduce to judgment certain unpaid federal tax assessments made against David E. and Marjorie G. Slabaugh; (2) set aside certain conveyances of real properties and shares of stock as fraudulent against the United States; (3) obtain a determination that Kalona Trust is the nominee and/or alter ego of Marjorie Slabaugh and the estate of David E. Slabaugh; (4) obtain a determination that the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, a fictitious entity, is the nominee and/or alter ego of Marjorie Slabaugh; and (5) foreclose federal tax liens on the real properties and shares of common stock in Slabaugh Trucking, Inc., which are described in this complaint.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to §§ 7402 and 7403 of the Internal Revenue Code of 1986 (26 U.S.C.) and 28 U.S.C. §§ 1340 and 1345.

2. This action is brought at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

## PARTIES

3. Taxpayer David E. Slabaugh died on August 12, 2004. Consequently, the estate of David E. Slabaugh is named as a defendant.

4. Taxpayer Marjorie G. Slabaugh resides at 508 G Avenue, Kalona, Iowa 52247.

5. Slabaugh Trucking, Inc., doing business as Slabaugh Trucking, Ltd., is a corporation conducting business in this judicial district. It is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property on which the United States seeks to foreclose its liens

6. Merwin D. Slabaugh, as the purported trustee of the Kalona Trust, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because the Kalona Trust may claim an interest in the property on which the United States seeks to foreclose its liens.

7. The Iowa Department of Revenue is named as a defendant pursuant to 26 U.S.C. Section 7403(b) because it may claim an interest in the property on which the United States seeks to foreclose its liens.

## PROPERTY DESCRIPTIONS

8. The properties on which the United States seeks to foreclose its federal tax liens are located in Kalona, Iowa and described as follows:

<u>Parcel A</u>- (located in Johnson County)

The Southwest Quarter of the Southeast Quarter and the Southeast Quarter of the Southeast Quarter of Section Twenty-six (26) in Township Seventy-eight (78) north, Range Eight (8) West of the 5th P.M. excepting the one acre out of the southeast corner thereof used for school purposes subject to easements and restrictions of record.

<u>Parcel B</u>- (located in Johnson County)

Commencing on the Northwest corner of the North one-half (N1/2) of the Southeast one-quarter (SE1/4) of Section Twenty-six (26), Twp. Seventy-eight (78) North, Range Eight (8) West of the 5th P.M., point of beginning, thence Southeasterly to a point which lies 444 feet South and 276 feet east of the point of beginning, thence in a Southeasterly direction to a point 485 feet east of the Southwest corner of said North one-half of the Southeast Quarter of Section Twenty-six (26), thence 485 feet West to the Southwest corner of said North one-half of the Southeast one-quarter of said Section 26, thence North to the point of beginning.

<u>Parcel C</u>- (located in Johnson County)

One square acre in the Southeast corner of Section 26, Township 78 North, Range 8 West of the 5th P.M.

Subject to easements and restrictions of record.

<u>Parcel D</u>- (located in Washington County)

Beginning at a point on the Half Section Line 746.7 Feet South and 20 Feet West of the center of Section Number Seven (7), in Township Number Seventy Seven (77) North, in Range Number Seven (7) West of the Fifth (5th) Principle Meridian, in Washington County, Iowa, thence West 174.25 Feet, thence North 150 Feet, thence East 174.25 Feet, thence South 150 feet to the place of beginning, excepting the South 75 feet thereof; also described as the South 16 Feet of Lot Number Seven (7), and Lot Number Eight (8) excepting the South 75 Feet thereof, in Block "C" of J.M. Gingerich's Sub-Division in Kalona, as shown by Plat Book 4, page 559 in the Office of the Recorder of Washington County, Iowa; said real estate located in Washington County, Iowa.

## FACTUAL ALLEGATIONS

### A. Income Tax Assessments

9. On the dates specified below, a delegate of the Secretary of the Treasury assessed federal income taxes, penalties, and interest against David Slabaugh for the periods and in the amounts hereinafter indicated:

| Tax Year | Date Assessed | Assessed Tax | Assessed Penalty | Assessed Interest | *Balance of Liability |
|---|---|---|---|---|---|
| 1999 | 07/05/04 | $ 1,631 | $ 774.73 | $ 623.86 | $ 4,108.00 |
| 2000 | 07/05/04 | 1,586 | 666.12 | 388.61 | |
| | 08/21/06 | 9,214 | 2,157.86 | | 24,438.68 |
| 2001 | 07/05/04 | 1,391 | 500.76 | 204.11 | |
| | 08/21/06 | 12,016 | 2,759.17 | | 28,422.22 |
| 2002 | 04/25/05 | 1,309 | 458.16 | 158.99 | |
| | 08/21/06 | 9,663 | 2,217.92 | | 22,120.19 |
| 2003 | 08/21/06 | 24,635 | 9,759.67 | 4,505.72 | 48,986.16 |
| | | | | TOTAL | *$128,075.25 |

*As of February 23, 2009; interest and additions continue to accrue thereafter.

10. A delegate of the Secretary of the Treasury gave timely notice of each assessment described in paragraph 9 to David Slabaugh or his estate and made demand for payment of each of those assessments.

11. Despite the notices and demands described in paragraph 10, David Slabaugh neglected, failed, or refused to pay the assessed liabilities described in paragraph 9. As a result, there is now due and owing to the United States the amount of $128,075.25, plus statutory interest and additions accruing from February 23, 2009.

12. On October 15, 2001, a delegate of the Secretary of the Treasury assessed federal income taxes, penalties, and interest against Marjorie Slabaugh for the periods and in the amounts hereinafter indicated:

| Tax Year | Tax Assessed | Assessed Penalty | Assessed Interest | *Balance of Liability |
|---|---|---|---|---|
| 1993 | $ 1,995 | $ 1,579.84 | $2,223.93 | $ 4,469.38 |
| 1994 | 2,100 | 1,683.99 | 1,942.17 | 8,032.65 |
| 1995 | 776 | 624.08 | 569.58 | 2,736.38 |
| 1996 | 1,048 | 553.56 | 582.71 | 3,462.23 |
| 1997 | 1,038 | 590.10 | 418.73 | 3,161.83 |
| 1998 | 1,414 | 594.97 | 398.65 | 3,957.63 |
| | | TOTAL | | *$25,820.10 |

*As of May 25, 2009; interest and additions continue to accrue thereafter.

13. A delegate of the Secretary of the Treasury gave timely notice of each assessment described in paragraph 12 to Marjorie Slabaugh and made demand for payment of each of those assessments.

14. Despite the notices and demands described in paragraph 13, Marjorie Slabaugh neglected, failed, or refused to pay the assessed liabilities described in paragraph 12. As a result, there is now due and owing to the United States the amount of $25,820.10, plus statutory interest and additions accruing from May 25, 2009.

B.  Real Property Transfers

15.  On December 19, 1974, David and Marjorie Slabaugh entered into a real estate contract to purchase Parcel A, described in paragraph 8 above, from Emery R. and Ida L. Hochstedler.  On December 15, 1975, that contract was amended to correct the legal description of the property conveyed.  On February 4, 1982, Emery R. and Ida L. Hochstedler conveyed Parcel A by warranty deed to David and Marjorie Slabaugh as joint tenants in satisfaction of the amended contract.

16.  On April 4, 1967, David and Marjorie Slabaugh entered into a real estate contract to purchase Parcel B, described in paragraph 8 above, from Edward F. and Sarah M. Miller.  On December 3, 1970, Edward F. and Sarah M. Miller conveyed Parcel B by warranty deed to David and Marjorie Slabaugh as joint tenants.

17.  On December 16, 1994, Merwin and Kathy Slabaugh conveyed Parcel C, described in paragraph 8 above, by quit claim deed to David and Marjorie Slabaugh as joint tenants.

18.  On September 17, 1993, Ada K. Shelter conveyed Parcel D, described in paragraph 8 above, by warranty deed to the DMS Trust, of which David Slabaugh, Marjorie Slabaugh, Merwin Slabaugh, Gregorie Slabaugh, and Sheri Slabaugh Miller were the purported trustees. On May 19, 1994, Ada K. Shelter executed a corrective warranty deed reflecting David and Marjorie Slabaugh, as joint tenants, are the grantees of Parcel D and not the DMS Trust.  On May 25, 1994, a quit claim deed executed by David Slabaugh, Marjorie Slabaugh, Merwin Slabaugh, Gregorie Slabaugh, and Sheri Slabaugh Miller was filed in Washington County, Iowa for the purpose of showing that it was never intended for the DMS Trust to receive any interest in Parcel D and that the DMS Trust makes no claim to any interest in that parcel.

19.  On March 12, 2004, David and Marjorie Slabaugh conveyed Parcels A, B, and C by quitclaim deeds to Kalona Trust.

20.  David Slabaugh died on August 12, 2004.  Upon David Slabaugh's death, his interest in Parcels A, B, and C passed to his estate.

21.  On November 10, 2004, Marjorie Slabaugh purportedly conveyed Parcel D by quitclaim deed to the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, which is a fictitious entity.

C.  Allegations Relating to the Subject Real Properties

22.  David and Marjorie Slabaugh's conveyances of Parcels A, B, and C to Kalona Trust, as described in paragraph 19 above, were made without fair and adequate consideration.

23.  David and Marjorie Slabaugh's conveyances of Parcels A, B, and C to Kalona Trust, as described in paragraph 19 above, rendered David and Marjorie Slabaugh insolvent.

24.  Following the conveyances of Parcels A, B, and C, described in paragraph 19 above, David and Marjorie Slabaugh retained possession or control of the subject properties.

25.  David and Marjorie Slabaugh made the transfers of Parcels A, B, and C, described in paragraph 19 above, with the intent to hinder, delay or defraud creditors, including the United States, and did impair the rights of the United States to collect its just and lawful debts.

26.  Marjorie Slabaugh's conveyance of Parcel D to the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, as described in paragraph 21 above, was made without fair and adequate consideration.

27.  Marjorie Slabaugh's conveyance of Parcel D to the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, as described in paragraph 21 above, rendered Marjorie Slabaugh insolvent.

28. Following Marjorie Slabaugh's conveyance of Parcel D to the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, Marjorie Slabaugh retained possession or control of Parcel D and continues to reside on it.

29. Marjorie Slabaugh made the transfer of Parcel D to the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, described in paragraph 21 above, with the intent to hinder, delay or defraud creditors, including the United States, and did impair the rights of the United States to collect its just and lawful debts.

30. The transfers of Parcels A, B, C, and D, as described in paragraphs 19 and 21 above, are void and of no effect as to the just and lawful collection of the estate of David Slabaugh and Marjorie Slabaugh's debts to the United States.

31. The Kalona Trust holds Parcels A, B, and C, as described in paragraph 8 above, as the nominees and/or alter egos of the estate of David Slabaugh and Marjorie Slabaugh, who are the true beneficial owners of the property.

32. The Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God holds Parcel D, as described in paragraph 8 above, as the nominee and/or alter ego of Marjorie Slabaugh, who is the true beneficial owner of the property.

### D. Transfer of Stock and Related Allegations

33. David Slabaugh was the sole shareholder of Slabaugh Trucking, Inc. He owned 1000 shares of common stock in Slabaugh Trucking, Inc.

34. On March 3, 2004, David Slabaugh purportedly transferred his 1000 shares of common stock in Slabaugh Trucking, Inc. to Slabaugh Trucking, Ltd.

35. The stock transfer described in paragraph 34 above was made without fair and

adequate consideration.

36. The stock transfer described in paragraph 34 above rendered David Slabaugh insolvent.

37. Following the stock transfer described in paragraph 35 above, David Slabaugh retained control of Slabaugh Trucking, Inc.

38. David Slabaugh made the transfer of stock, described in paragraph 34 above, with the intent to hinder, delay or defraud creditors, including the United States, and did impair the rights of the United States to collect its just and lawful debts.

### E. Attachment of Federal Tax Liens and Filing of Notices of Federal Tax Liens

39. On the dates of assessments (described in paragraphs 9 and 12 above), federal tax liens arose pursuant to 26 U.S.C. Sections 6321 and 6322 and attached to all property and rights to property then belonging to David Slabaugh and Marjorie Slabaugh, including the real properties and stock described in paragraphs 8 and 34, respectively.

40. On March 1, 2006, a notice of the federal tax liens described in paragraph 39 above was filed against David Slabaugh in Johnson County, Iowa for income tax years 1993 through 2002.

41. On January 3, 2007, a notice of the federal tax liens described in paragraph 39 above was filed against David Slabaugh in Washington County, Iowa for income tax years 1993 through 2003.

42. On March 14, 2008, a notice of federal tax lien was filed in Johnson County, Iowa against the Kalona Trust as the nominee of David Slabaugh.

43. On February 28, 2006, a notice of the federal tax liens described in paragraph 39 above was filed against Marjorie Slabaugh in Johnson County, Iowa for income tax years 1993 through 1998.

44. On March 14, 2008, a notice of federal tax lien was filed in Johnson County, Iowa against the Kalona Trust as the nominee of Marjorie Slabaugh.

45. On March 25, 2004, a notice of the federal tax liens described in paragraph 39 above was filed against Marjorie Slabaugh in Washington County, Iowa for income tax years 1993 through 1998. Because that notice inadvertently reflected the taxpayer's name as "Morjorie Slabaugh," a corrected notice of federal tax lien was filed on December 1, 2005.

46. On April 13, 2006, a notice of the federal tax liens described in paragraph 39 above was filed in Washington County, Iowa against the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God as nominee and or alter ego of Marjorie Slabaugh.

WHEREFORE, the United States prays:

1. That this Court reduce to judgment the unpaid assessments and accruals described in paragraph 9 above, and enter judgment in favor of the United States and against David Slabaugh for the unpaid income tax balance plus additional accruals from February 23, 2009; and

2. That this Court reduce to judgment the unpaid assessments and accruals described in paragraph 12 above, and enter judgment in favor of the United States and against Marjorie Slabaugh for the unpaid income tax balance plus additional accruals from May 25, 2009; and

3. That this Court determine that David and Marjorie Slabaugh's conveyances of Parcels A, B, and C by quitclaim deeds to Kalona Trust severed their joint tenancy interests in those

properties. Thus, as a result of those conveyances, David and Marjorie Slabaugh owned Parcels A, B, and C as tenants in common at the time of David Slabaugh's death.

4. That this Court determine that any interests held in Parcels A, B, and C by Kalona Trust are held as the nominees and/or alter egos of Marjorie Slabaugh and the estate of David Slabaugh, who are the true beneficial owner of the properties.

5. That this Court determine that any interests held in Parcel D by the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God, a fictitious entity, is held as the nominee and/or alter ego of Marjorie Slabaugh, who is the true beneficial owner of the property.

6. That this Court determine that the transfers of Parcels A, B, and C from David and Marjorie Slabaugh to the Kalona Trust, described in paragraph 19 above, were fraudulent as to the United States, and that the purported transfers be set aside and declared null and void; and

7. That this Court determine that the transfer of Parcel D from Marjorie Slabaugh to the Office of the Presiding Brotherhood (Overseer) for the Fellowship of the Children of God , described in paragraph 21 above, was fraudulent as to the United States, and that the purported transfer be set aside and declared null and void; and

8. That this Court determine that the transfer of stock from David Slabaugh to Slabaugh Trucking, Ltd., described in paragraph 34 above, was fraudulent as to the United States, and that the purported transfer be set aside and declared null and void; and

9. That this Court determine and adjudge that the United States has valid federal tax liens on the real properties and the stock described in paragraph 8 and 33 above, and foreclose those liens; and

10.  That the Court order a sale of the real properties and stock described in paragraphs 8 and 33, respectively, and distribute the proceeds in accordance with the Court's findings as to the validity and amounts of the liens, claims, and interests of all parties herein; and

11.  That this Court award the United States its costs and such other relief as the Court deems just and proper.

                           MATTHEW G. WHITAKER
                           United States Attorney

                             /s/ LaQuita Taylor-Phillips
                           LaQuita Taylor-Phillips
                           Trial Attorney
                           Tax Division
                           U.S. Department of Justice
                           Post Office Box 7238
                           Ben Franklin Station
                           Washington, D.C.  20044
                           Telephone: (202) 305-7945
                           Facsimile: (202) 514-6770